J-A29023-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| IN RE: JOSEPH MEYN | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| APPEAL OF: LOIS A. HUMES | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | No. 207 WDA 2023 |

Appeal from the Order Entered January 20, 2023
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s):  CP-02-MD-0004055-2022

BEFORE:  BOWES, J., KUNSELMAN, J., and MURRAY, J.

JUDGMENT ORDER BY KUNSELMAN, J.:     **FILED: DECEMBER 11, 2023**

Lois A. Humes appeals from an order vacating a prior order that granted her motion for return of property.  We vacate the challenged order.

Lois Humes and Joseph Meyn petitioned the trial court for return of property on August 24, 2022, with an amended petition filed September 21, 2022.  The trial court heard the matter and granted the motion on December 6, 2022.

On January 3, 2023, Christy Guyaux and Gary Guyaux moved to dismiss the petition.  On January 11, 2023, the Guyauxs moved to vacate the order granting the petition.  On January 19, 2023, the trial court heard the matter and granted the Guyauxs' motion to vacate the December 6 order.

On January 30, 2023, Humes and Meyn moved for reconsideration.  The Guyauxs filed a response on February 2, 2023.  On February 10, 2023, the trial court denied reconsideration.  On February 13, 2023, Humes and Meyn

moved to strike the Guyeauxs' motion. On February 17, 2023, Humes timely appealed the order of January 19, 2023. Humes and the trial court complied with Pennsylvania Rule of Appellate Procedure 1925.

In this appeal, Humes argues that the trial court lacked authority to vacate the December 6 order more than thirty days after it was entered. **See** 42 Pa.C.S.A. § 5505. By statute: "Except as otherwise provided or prescribed by law, a court upon notice to the parties may modify or rescind any order within 30 days after its entry, notwithstanding the prior termination of any term of court, if no appeal from such order has been taken or allowed." **Id.**

The trial court agrees with Humes that on January 19, 2023, it lacked jurisdiction to vacate its order from December 6, 2022. Trial Court Opinion, 7/11/23, at 5. Notably, all other parties in interest—Meyn, the Guyauxs, and the Commonwealth—have not provided any argument to the contrary. Given these facts, we follow the reasoning of the trial court and of Humes, and we vacate the order entered January 19, 2023.

Order entered January 19, 2023, vacated. Case removed from argument list.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

DATE: 12/11/2023

- 2 -